ALFRED T. ROWE, complainant,

*v.*

HARVEY D. GOUSE et al., defendants.

[Submitted April 28th, 1924. Decided July 18th, 1924.]

**Interpleader—Necessary Features of All Suits of—Judgment Debtor Ready to Pay but Confronted with Conflicting Claim Growing Out of a Judgment Against His Creditor.**

On bill, &c.

*Mr. Edward A. Kenney,* for the complainant.

*Mr. Harry Green,* for the defendants.

*Mr. J. Haviland Tompkins,* for the defendant Laura K. Watson.

BENTLEY, V. C.

This is a bill of interpleader, filed by a judgment debtor, whereby he seeks permission to deposit the amount of the judgment against him and have the defendants enjoined from any further proceedings against him to collect the same.

The complainant is a resident of New York, against whom the defendant Gouse secured a writ of attachment, resulting in a judgment in the sum of $895.46, on November 27th, 1922, in the Hudson circuit. Thereupon, the complainant appealed to the supreme court, which affirmed the judgment. There is some confusion in the bill as to dates, but, at any rate, Gouse assigned his judgment to another defendant, Tucker, which assignment declares that it was given for a valuable consideration. Subsequently, in the month of January, 1924, Gouse commenced an action in the Essex circuit

for the use of Tucker against the National Surety Company and the New Amsterdam Casualty Company, the sureties, respectively, in the attachment, and appeal bonds given by the complainant in the attachment action. These corporations have demanded of the complainant that he pay the Gouse judgment.

In this state of affairs, and while Gouse's assignee was seeking to enforce the former's judgment, the complainant was served with a copy of an execution, on February 6th, 1924, issued on a judgment obtained in the Union circuit by the defendant Laura K. Watson against Gouse, in the sum of $3,731.82, and the sheriff of Hudson county (the judgment having been docketed in the supreme court) demands that the complainant pay to him the amount of the Gouse judgment, to be credited on the judgment in *Watson* v. *Gouse*. The bill then alleges that Laura K. Watson charges that the assignment of judgment was voluntary, and made to prevent her levying upon the judgment against the complainant.

The bill then contains the usual representations of being able and willing to pay the judgment so obtained against the complainant, but that he is unable to safely do so because of the conflicting claims of the defendants that he does not collude with either of them, and has not been indemnified; that he may be discharged from all liability to the defendants in the premises, upon payment into court, and the usual injunctive relief.

Unfortunately, as I read the authorities, I must dismiss this bill on the narrow and extremely technical ground that it lacks one of the essential elements of an interpleader suit. Pomeroy gives as the second necessary feature of all such proceedings that the titles or claims of the defendants must be dependent or derived from a common source. In section 1468 he says:

"It is not every instance of conflicting claims against a person for the same thing, debt or duty, which will entitle him to the remedy of an interpleader. Where there is no privity between the claimants, where their titles are independent, not derived from a

common source, but each asserted as wholly paramount to the other, the stakeholder is obliged, in the language of the authorities, to defend himself as well as he can against each separate demand."

Citing a great many authorities. For a long time the state of the law appears to have been in doubt until, as Prof. Pomeroy points out, Lord Brougham, in *Pearson* v. *Cardon, 2 Russ. & M. 606,* and Lord Cottenham, in *Crawshay* v. *Thornton, 2 Myl. & C. 1,* finally settled the doctrine. How such learned exponents of the principals of equity jurisprudence could have arrived at such a decision of a then open question is incomprehensible to my mind. Why any man, faced with two or more claims by different persons for a thing which he cannot safely pay to either one without risk of having to respond a second time for the same thing to another person when he is honestly willing to deposit it with the court to be disposed of as to the rights of the adverse claimants may be made to appear, cannot be justified upon anything but the narrowest reasoning and the most lavish surrender of the intellect, and every dictate of substantial justice to a dry and harsh application of rules. In my feelings upon this subject I am supported by many eminent chancellors, not the least of whom is Vice-Chancellor Van Fleet, whose views are expressed in *First National Bank of Morristown* v. *Binninger, 26 N. J. Eq. 345* (at *pp. 349, 350*). But, like him, I feel that the matter is not open that I am without discretion and that, in consequence, the bill must be dismissed.

Of course, it cannot be argued but that the claims of the defendants are entirely distinct, have no connection one with the other, and arise out of completely different proceedings, one being based upon a judgment in attachment and the other upon a levy made under a judgment in an entirely different cause to which the complainant was not a party.

This conclusion upon my part makes it unnecessary to go into any of the other questions argued upon the return of the order to show cause.

I will advise a decree dismissing the bill upon two days' notice.